IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**SONDRA ROGERS,**

    **PLAINTIFF,**

V.                                                                                  CIVIL ACTION NO. 2:17-cv-290

**AFFINITY LIVING GROUP**
**d/b/a Manor House of**
**Waterford Place.,**

    **DEFENDANT.**                                              **JURY TRIAL DEMANDED**

## COMPLAINT

### I.   JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII and 42 U.S.C. § 1981 providing for injunctive and other relief against race and/or religious discrimination.

2.  Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3.  Plaintiff, Sondra Rogers, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Montgomery, Montgomery County, Alabama. Plaintiff was formerly employed by Defendant.

4.  Defendant, AFFINITY LIVING GROUP d/b/a Manor House of Waterford Place. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.  Defendant hired Plaintiff on or about May 31, 2016.

7.  Defendant employed Plaintiff at its facility located at 3920 Antoinette Place, Montgomery, AL 36111.

8.  Defendant employed Plaintiff in the position of caregiver.

9.  At all times while employed with Defendant, Plaintiff performed her job duties in a competent or better manner.

10. Defendant terminated Plaintiff on July 19, 2016.

## IV.   COUNT ONE – Title VII – Religion - Termination.

11.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 10 above.

12.   Plaintiff is a black female.

13.   Plaintiff is a practicing Christian.

14.   Defendant operates an assisted living facility.

15.   All patients with Defendant are elderly and are white.

16.   On or about July 17, 2016, Plaintiff spoke with a resident in her room regarding whether she wanted her meal brought to her.

17.   Plaintiff also spoke with the resident about the fact that the resident needed to make sure she took her medicine.

18.   The resident's response was "I don't need some 'nigger' to tell me what to do."

19.   Plaintiff responded to the resident by stating she would pray for her.

20.   After the incident, Plaintiff reported the resident's hostile comment to JoAnn (LNU).

21.   JoAnn (LNU) served as Defendant's LPN on duty.

22.   On July 19, 2016, Defendant's Administrator Melody Phillips called Plaintiff into her office.

23.   Also present were Paula Durrance, Assistant Administrator/LPN,

3

Mary Washington and Mario Escobar.

24. Phillips asked Plaintiff about the incident and Plaintiff told her what happened.

25. Phillips replied "I don't care what she called you. I don't like the fact that you said something back to her."

26. Phillips then terminated Plaintiff's employment.

27. Phillips either did not care or adopted the comment by the resident wherein the resident called Plaintiff a "nigger."

28. Phillips terminated Plaintiff because of her religion as the reason for termination was because Plaintiff told the resident that she would pray for her.

29. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

30. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and mental anguish.

V.   **COUNT TWO – 42 U.S.C. § 1981 & Title VII – Race Termination**

31. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 30 above.

32. Plaintiff is a black female.

33. Plaintiff is a practicing Christian.

34. Defendant operates an assisted living facility.

4

35. All patients with Defendant are elderly and are white.

36. On or about July 17, 2016, Plaintiff spoke with a resident in her room regarding whether she wanted her meal brought to her.

37. Plaintiff also spoke with the resident about the fact that the resident needed to make sure she took her medicine.

38. The resident's response was "I don't need some 'nigger' to tell me what to do."

39. Plaintiff responded to the resident by stating she would pray for her.

40. After the incident, Plaintiff reported the resident's hostile comment to JoAnn (LNU).

41. JoAnn (LNU) served as Defendant's LPN on duty.

42. On July 19, 2016, Defendant's Administrator Melody Phillips called Plaintiff into her office.

43. Also present were Paula Durrance, Assistant Administrator/LPN, Mary Washington and Mario Escobar.

44. Phillips asked Plaintiff about the incident and Plaintiff told her what happened.

45. Phillips replied "I don't care what she called you. I don't like the fact that you said something back to her."

46. Phillips then terminated Plaintiff's employment.

5

47. Phillips either did not care or adopted the comment by the resident wherein the resident called Plaintiff a "nigger."

48. As a result of Defendant's violation of Title VII and or 42 U.S.C. 1981, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

49. As a result of Defendant's violation of Title VII and or 42 U.S.C. 1981, Plaintiff has been damaged, suffering loss of pay and mental anguish.

## VIII. COUNT THREE – 42 U.S.C. § 1981 - Retaliation

50. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 49 above.

51. On or about July 17, 2016, Plaintiff spoke with a resident in her room regarding whether she wanted her meal brought to her.

52. Plaintiff also spoke with the resident about the fact that the resident needed to make sure she took her medicine.

53. The resident's response was "I don't need some 'nigger' to tell me what to do."

54. After the incident, Plaintiff reported the resident's hostile comment to JoAnn (LNU).

55. JoAnn (LNU) served as Defendant's LPN on duty.

56. On July 19, 2016, Defendant's Administrator Melody Phillips called

Plaintiff into her office.

57. Also present were Paula Durrance, Assistant Administrator/LPN, Mary Washington and Mario Escobar.

58. Phillips asked Plaintiff about the incident and Plaintiff told her what happened.

59. Phillips replied "I don't care what she called you. I don't like the fact that you said something back to her."

60. Phillips then terminated Plaintiff's employment.

61. Phillips either did not care or adopted the comment by the resident wherein the resident called Plaintiff a "nigger."

62. Plaintiff opposed the employment practice of having to serve a patient that uttered racial slurs.

63. But for Plaintiff's Complaint regarding a patient directing racial slurs at her, Defendant would not have terminated Plaintiff's employment.

64. As a result of Defendant's violation of 42 U.S.C. 1981, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

65. As a result of Defendant's violation of 42 U.S.C. 1981, Plaintiff has been damaged, suffering loss of pay and mental anguish.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume

jurisdiction of this action and after trial:

    A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII and 42 U.S.C. § 1981, and pendent state claims.

    B.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

    C.    Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

    D.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Affinity Living Group, LLC
c/o Registered Agent
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209